**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MELISSA W.,**

                                **Plaintiff,**

**v.**

                                                          **20-CV-1510**

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**

## DECISION AND ORDER

       Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all proceedings in this case, including entry of final judgment.  Dkt. No. 11.  Melissa W. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits.  This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. Nos. 7, 8.  For the following reasons, Plaintiff's motion (Dkt. No. 7) is denied, and the Commissioner's motion (Dkt. No. 8) is granted.

## BACKGROUND

       On August 21, 2017, Plaintiff applied for a period of disability and Disability Insurance Benefits ("DIB") alleging that she became disabled on September 15, 2012, by

chronic pruritus, migraine headaches, IBS, anxiety, depression, and asthma.  Tr. at 171.[1]

Plaintiff's claim was denied at the initial level, and she requested review.  Administrative

Law Judge T. Kim ("the ALJ") conducted a hearing on July 25, 2019.  Tr. at 33-60.

Plaintiff, who was represented by counsel, testified as did a vocational expert.  Tr. at 33-

60.  On October 29, 2019, the ALJ issued a decision in which he found that Plaintiff was

not under a disability as defined by the Act from September 15, 2012, through December

31, 2017, her date last insured.  Tr. at 12-28.  The Appeals Council denied Plaintiff's

request for review making the ALJ's decision final.  Tr. at 1-6.  This action followed.  Dkt.

No. 1.


## LEGAL STANDARD

**Disability Determination**

       A person making a claim for Social Security benefits bears the ultimate

burden of proving disability throughout the period for which benefits are sought.  *See* 20

C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982).  The claimant

is disabled only if she shows that she is unable to engage in any substantial gainful activity

due to any medically determinable physical or mental impairment which has lasted, or can

be expected to last, for a continuous period of at least 12 months.  42 U.S.C. §

1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22

(2002).

---

[1] Citations to "Tr. ___" refer to the pages of the administrative transcript, which appears at Docket
No. 6.

A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).  Congress places the burden upon the claimant to establish disability by "furnish[ing] such medical and other evidence of the existence [of a disability] as the Commissioner . . . may require."  42 U.S.C. § 1382c(a)(3)(H)(i).  The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner.  20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

In keeping with this function, the Commissioner has established a five-step sequential evaluation for adjudicating disability claims, which is set forth at 20 C.F.R. § 416.920.  The claimant has the burden at the first four steps.  The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy; but the burden of proving disability is always on the claimant.  *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

42 U.S.C. § 405(g).  Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'"  *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  *See Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## DISCUSSION AND ANALYSIS

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 15, 2012.[2]  Tr. at 17.  The ALJ concluded at step two that Plaintiff suffered from the severe impairments of obesity, pruritic disorder, asthma, and cervical stenosis.  Tr. at 18.  At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings giving special consideration to Listing 1.04 (Disorders of the Spine), Listing 3.03 (Asthma), Listing 8.04 (Chronic Infections of the Skin or Mucous Membranes), and Social Security Ruling 19-2p (Evaluating Cases Involving Obesity).  Tr. at 20-21.

The ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels set forth in 20 C.F.R. § 404.1567, with the following limitations: she can frequently operate hand controls, reach, push, pull, handle, finger, and feel with the left upper extremity; she can occasionally kneel, crouch, stoop, balance, and crawl, and climb stairs and ramps; she can never climb ladders, ropes, and scaffolds, or be exposed to unprotected heights and moving mechanical parts; she can have occasional exposure to dust, mists, gases, noxious odors, fumes, pulmonary irritants, and poor ventilation; she can tolerate occasional exposure to vibration; she is able to understand, carry-out, and remember simple instructions, and make simple work-related decisions,

---

[2] The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017.  Tr. at 17.

and; she will be off-task 10% of the workday.  Tr. at 21.  He concluded that claimant could

not perform her past relevant work as it was actually performed.  Tr. at 26.  Relying on the

VE's testimony, the ALJ found that Plaintiff could perform jobs that exist in significant

numbers in the national economy, including the jobs of office helper, furniture rental

consultant, and cashier.  Tr. at 27.  Accordingly, the ALJ determined that Plaintiff had not

been under a disability from September 15, 2012, through December 31, 2017.  Tr. at 27.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the

pleadings.  Dkt. Nos. 8, 9.  Plaintiff argues that the RFC limitation that she would be off

task 10% of the workday is arbitrary and not supported by substantial evidence.  Dkt. No.

7-1, pp. 15-20.  For the following reasons, this Court disagrees and finds that remand is

not warranted.

**RFC Determination**

"Your [RFC] is the most you can still do despite your limitations."  20 C.F.R. §

404.1545(a).  RFC "is an administrative assessment of the extent to which an individual's

medically determinable impairment(s), including any related symptoms, such as pain, may

cause physical or mental limitations or restrictions that may affect his or her capacity to do

work-related physical and mental activities."  Social Security Ruling 96-8p, 1996 WL

374184, at *2.  "This assessment of RFC is used at step 4 of the sequential evaluation

process to determine whether an individual is able to do past relevant work, and at step 5

to determine whether an individual is able to do other work, considering his or her age, education, and work experience."  *Id.*

       Plaintiff argues that because the ALJ's highly-specific determination that she would be off task for 10% of the workday is not based on a medical opinion, this case must be remanded.  This Court does not agree.  As an initial matter, "an RFC finding 'is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear.'"  *Tiffany L. v. Comm'r of Soc. Sec.*, 2021 WL 3145694, at *3-4 (W.D.N.Y. July 26, 2021) (quoting *Curry v. Comm'r Soc. Sec.*, 2021 WL 1942331, at *2 n.3 (2d Cir. May 14, 2021)); *see* 20 C.F.R. § 416.927(d)(2). Provided that the record is complete enough for the ALJ to make an RFC determination, "a medical source statement or formal medical opinion is not necessarily required."  *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted).

       This is true even when the RFC contains a highly-specific limitation.  *Tiffany L.*, 2021 WL 3145694, at *3 (affirming the RFC for sedentary work with specific restrictions absent a medical opinion with those particular restrictions given that the RFC was otherwise supported by the record); *see also Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109-110 (2d Cir. 2020) (stating that "although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence [was] not required" given that "the treatment notes were in line with the ALJ's RFC determinations"); *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the

RFC, notwithstanding that there was no corresponding medical opinion, where plaintiff's treatment notes supported the specific physical limitations); *Trepanier v. Comm'r of Soc. Sec.*, 752 F. App'x 75, 79 (2d Cir. 2018) (holding that the ALJ's RFC determination, which included a lifting limitation, was supported by substantial evidence, notwithstanding the lack of a supporting medical opinion); *Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (holding that the ALJ properly relied on plaintiff's own testimony and a letter from a doctor stating that he had severe functional limitations, even though he made improvement following surgery).

This Court finds that the record contains ample evidence, and that the ALJ properly considered the medical and other evidence in the record in reaching his RFC determination.  This includes the medical opinions regarding Plaintiff's physical and mental abilities.  Plaintiff contends that the November 27, 2017 assessment from H. Liu, M.D. (an agency consultative doctor) and the December 12, 2017 assessment from J. Poss, M.D. (a state agency non-examining doctor), both physical evaluations, did not "truly take into account Plaintiff's pruritus and associated fatigue from medications."  Dkt. No. 7-1, p. 17. This Court does not agree.

Dr. Liu examined Plaintiff on November 27, 2017 at the request of the Commissioner.  Tr. at 596-604.  Dr. Liu specifically noted facts relevant to Plaintiff's skin condition and treatment, including that she was "diagnosed with chronic pruritus for seven years" causing her to itch over her whole body, that the condition was "chronic" but "stable," that her '[b]iopsy [was] negative," and that "[s]he currently follows with a

8

dermatologist," with her last visit being 9 months prior "in 02/17."  Tr. at 596-99.  Dr. Liu

also noted that Plaintiff took "Benadryl" and "Hydroxyzine" for itching, which reportedly

caused side effects such as fatigue and memory loss.  Tr. at 596-99.  Based on this

information and his exam, Dr. Liu opined that Plaintiff had a "mild limitation for prolonged

walking, bending, and kneeling," and that she "should avoid dust and other irritating factors

to limit asthma attacks."  Tr. at 599.

On December 12, 2017, Dr. Poss reviewed the available medical record,

which included Dr. Liu's examination and assessment.  Tr. at 21, 68-70.  Dr. Poss explicitly

stated in his opinion that Plaintiff had chronic pruritus and that she took ibuprofen for

headaches "due to side effects of other medication which make her itch."  Tr. at 70.  Dr.

Poss acknowledged that claimant complained of itching on her skin when she was

examined at DENT Neurological on 10/5/2012, 4/18/2017, and 8/8/2017; apparently,

Plaintiff's symptoms were not constant, as she reported decreased itching during her

9/23/2013 exam.  Tr. at 70.  After considering this evidence, Dr. Poss concluded that

Plaintiff "retain[ed] full exertion abilities with mild limitations for respiratory irritants and

noise."  Tr. at 71.  Both of Dr. Liu and Dr. Poss' opinions are consistent with the RFC for a

full range of work with certain limitations.

The opinions regarding Plaintiff's mental limitations also take into

consideration Plaintiff's symptoms and side effects and are likewise consistent with

the RFC.  For example, consultative examiner S. Santarpia, Ph.D., opined on November

27, 2017, that although Plaintiff "reports short-term memory deficits and concentration

difficulties she believes due to [the listed] medication," the "results of the present evaluation appear to be consistent with psychiatric problems but . . . do[ ] not appear to be significant enough to interfere with the claimant's ability to function on a daily basis."  Tr. at 606, 608.  On December 1, 2017, T. Bruni, Ph.D., an agency non-examining psychologist, reviewed the record, which included Dr. Santarpia's evaluation, and concluded that she had "a non[-]severe mental impairment with mild limitations."  Tr. at 67.

In this regard, none of the medical opinions support the conclusion that Plaintiff was more limited than the RFC suggests.  Tr. at 25.  The ALJ properly considered the medical evidence and record as a whole, including Plaintiff's complaints about itching, fatigue, and memory loss, and appropriately determined that she would be "off task 10%" of the workday.  Tr. at 21.  Specifically, at Step 3, the ALJ found that Plaintiff's subjective itching, fatigue, and memory complaints were belied by her reported activities of daily living (driving and riding in a car, going out alone, shopping in stores, and managing money).  Tr. at 18.  The ALJ noted that at the consultative exam, Plaintiff reported she was able to cook, shop, and manage her own money, and that she otherwise demonstrated coherent and goal-directed thought processes, average cognitive functioning, and fair insight and judgment, with intact concentration, attention, and memory.  There is no indication in the record that the claimant's limitation in this area is greater than mild.  Tr. at 18.

In formulating the RFC, the ALJ acknowledged Plaintiff's alleged complaints of skin itching, anxiety disorder, insomnia, headaches, memory difficulties, and fatigue, as well as left shoulder and cervical lordosis impairments that began after the date last

insured.  Tr. at 22.  The ALJ noted that Plaintiff experienced improvement in her skin condition in October 2014 (itching symptoms disappeared for 3-4 weeks), October 2015 (itching condition stable), and August 2017 (improvement in itching with Hydroxyzine, denying significant side effects).  Tr. at 22-23.

This evidence supports the ALJ's conclusion that despite her complaints, Plaintiff would only be off task 10% of the workday.  *Johnson*, 669 F. App'x at 47 (affirming the ALJ's conclusion that claimant had "no more than 10%" limitation as simply "a percentage which reflected [Johnson's] ability to maintain employment despite the potential to be minimally slower than average," and reasoning that "[t]he fact that the ALJ assigned a particular percentage range (0–10%) to illustrate Johnson's limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence").

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence and RFC determination.  However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012).  That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder ***would have to conclude otherwise*****.**"  *Brault*, 683 F.3d at 448 (emphasis added).  This case does not present such a situation.  For all of the foregoing reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is DENIED, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 8) is GRANTED.


**SO ORDERED.**


DATED:      Buffalo, New York
            September 26, 2022



<u>*s/ H. Kenneth Schroeder, Jr.*</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**